**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Darrel C. Berry, ) | C/A No. 3:09-126-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the

face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Report, filed on February 22, 2010, recommends that the decision of the Commissioner be reversed and the case remanded to the Commissioner for further proceedings. Specifically, the Report recommends that the case be remanded for reconsideration of the medical opinions of two of Plaintiff's treating physicians, Drs. Rashkin and Rouse. The Report notes that the ALJ's omission of aspects of these medical opinions may have affected the ALJ's assessment of Plaintiff's credibility. *See* Dkt. No. 18 at 18-21. No objections have been filed.[1]

After reviewing the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the court finds no clear error. Accordingly, the Report is adopted and incorporated by reference. For the reasons set forth therein, the decision of the Commissioner is reversed and the case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) for further action consistent with the directions in the Report and Recommendation as here incorporated.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 12, 2010

---

[1] On March 11, 2010, the Commissioner notified the court that he would not file objections to the Report. Dkt. No. 20.